# IN THE COURT OF APPEALS OF IOWA

No. 15-0037
Filed April 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TIMOTHY MICHAEL BASQUIN,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Black Hawk County, Andrea J.

Dryer, Judge.


        Timothy Basquin appeals from his conviction of domestic abuse assault.

**REVERSED AND REMANDED.**



        Mark C. Smith, State Appellate Defender, and Bradley M. Bender,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant

Attorney General, for appellee.



        Considered by Danilson, C.J. and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Timothy Basquin appeals his conviction by jury trial for domestic abuse assault causing bodily injury, in violation of Iowa Code section 708.2A(2)(b) (2013). Basquin seeks vacation of the conviction and a remand for new trial, contending the district court erred by admitting improper expert and hearsay testimony from a medical professional, including improper jury instructions, and summarily denying Basquin's motion for new trial. Basquin also argues there is insufficient evidence to support the conviction and the verdict is contrary to the greater weight of the evidence. Because we find hearsay testimony not subject to an exception was admitted and the jury was improperly instructed, we reverse and remand for a new trial.

**I. Background Facts and Proceedings.**

Sally Hayward testified that on the afternoon of May 12, 2014, she returned to Timothy Basquin's residence to find a note on the counter accusing her of lying, cheating, and stealing. Hayward confronted Basquin about the note, and both parties agree that an argument followed.

Shortly thereafter, Hayward went to the sheriff's department, where Deputy Tim Petersen observed she was visibly upset and had marks on her neck. Deputy Petersen testified that Hayward informed him how the marks had gotten on her neck. After speaking with Hayward, Deputy Petersen went to Basquin's residence to speak with Basquin.

Hayward subsequently went to the hospital where nurse practitioner LeeAnn Hoodjer treated her injuries. Over an objection, Hoodjer testified that Hayward had red marks on her neck, a red mark on her thigh, and was

experiencing pain in her wrist and thumb. Hoodjer testified Hayward stated she was assaulted by her boyfriend, he had grabbed her by the shoulder and then the neck and pushed her out the door, he shook her neck and she was not able to breathe, and he had kicked her. Hoodjer further testified Hayward's physical injuries were consistent with her description of the assault. Hoodjer also testified over an objection that before she went into the hospital room to see Haywood, she had read the nurse's note "which said this is the fifth time it happened, or it had happened five times before that."

Hayward and Basquin testified at trial that the argument was only verbal. Hayward stated that eventually Basquin told her to leave, and she complied. She claimed that while exiting the residence she slipped on the deck and injured her arm and shoulder. Hayward testified the marks on her neck were self-inflicted by using a paint brush to "gouge" her neck. Hayward stated she was angry with Basquin and wanted to get even by reporting him for the abuse.

On June 4, 2014, Basquin was charged by trial information with domestic abuse assault by impeding breathing or circulation causing bodily injury, in violation of Iowa Code section 708.2A(5). Jury trial commenced on September 16, 2014. The jury returned a verdict of guilty on the lesser-included offense of domestic abuse assault causing bodily injury. Basquin filed a motion for new trial on October 5, 2014. On January 5, 2015, the district court heard arguments on the motion for new trial, summarily denied the motion, and proceeded to sentencing. Basquin was sentenced to 365 days of incarceration, with all but seven days suspended, and placed on probation for a period of one to two years.

Basquin now appeals.

## II. Discussion.

Basquin contends that the district court erred in admitting the following hearsay testimony by nurse practitioner Hoodjer:

> [Hayward] had told me that she was assaulted by her boyfriend, that he had grabbed her and—by the shoulder and then her neck and pushed her through the door, and then he shook her neck and she wasn't able to breathe until he let go, and then he had kicked her in the thigh.

We review hearsay claims for correction of errors at law. *State v. Paredes*, 775 N.W.2d 554, 560 (Iowa 2009). It is undisputed that Hoodjer's testimony as to Hayward's statements constituted hearsay. *See* Iowa R. Evid. 5.801(c). Basquin contends that the testimony was improperly admitted under the Iowa Rule of Evidence 5.803(4) exception to the rule against hearsay, which allows admission of

> [s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

Statements identifying the perpetrator do not always fall within the rule 5.803(4) exception. *See State v. Smith*, ___ N.W.2d ___, ___, 2016 WL 85199, at *5-7 (Iowa 2016). In order to fall under this exception, statements to medical professionals must be made for purposes of medical diagnosis or treatment and must be the types of statements as are reasonably relied on by a medical professional in treatment or diagnosis. *State v. Tracy*, 482 N.W.2d 675, 681 (Iowa 1992); *see also Smith*, 2016 WL 85199, at *7 (rejecting a categorical rule in domestic abuse cases and requiring that the *Tracy* test be applied in each case to determine whether statements should fall within the hearsay exception).

Upon application of the *Tracy* test and the reasoning of *Smith*, we determine that Hoodjer's testimony as to Hayward's identification statement was inadmissible hearsay. Hoodjer treated Hayward by focusing on her physical injuries and did not testify that she treated or diagnosed Hayward for emotional or psychological issues. Thus, Hayward's statement identifying her boyfriend as the person who assaulted her was not made for purposes of medical treatment or diagnosis, and the rule 5.803(4) exception does not apply.[1] *See Smith*, 2016 WL 851991, at *7 ("In other words, the foundational evidence relating to her statements only pertained to the treatment she received for her physical injuries, not treatment she might have needed for her emotional, psychological, or other injuries as a result of the domestic violence.").

The State contends that if the admission of the nurse practitioner's testimony was in error we should conclude it was harmless error. However, we conclude the error was compounded by the modified uniform jury instruction on prior inconsistent statements made under oath.[2] The jury instruction made

---

[1] Oppositely, Hayward's statements related to how she was assaulted were made for purposes of medical treatment and used by Hoodjer to diagnose and treat Hayward, and were properly admitted under the rule 5.803(4) hearsay exception.

[2] At the State's encouragement, the court modified the uniform jury instruction on prior inconsistent statements under oath. The district court's jury instruction provided:

> You have heard evidence claiming a witness made statements before this trial while under oath *and to medical care providers while not under oath* which were inconsistent with what the witness said in this trial. If you find these statements were made and were inconsistent, then you may consider them as part of the evidence, just as if they had been made at this trial.
>
> You may also use these statements to help you decide if you believe the witness. You may disregard all or any part of the testimony if you find the statements were made and were inconsistent with the testimony given at trial, but you are not required to do so. Do not disregard the trial testimony if other evidence you believe supports it or you believe it for any other reason.

specific reference to statements not made under oath to the medical providers and thereby elevated the testimony to the level of prior testimony under oath. Here, the State's case was not so overwhelming that it can overcome the absence of the nurse practitioner's testimony of both the identity of the attacker as boosted by the jury instruction, and the reference to four or five prior assaults. Thus, the erroneous admission of Hoodjer's hearsay testimony was not harmless error.

Basquin also raises a challenge to the sufficiency of the evidence.

> Our Supreme Court has stated, "when a reviewing court determines prejudicial trial error occurred in a criminal trial, the case will not be remanded for retrial when the evidence at trial was insufficient to support the conviction." *State v. Dullard*, 668 N.W.2d 585, 597 (Iowa 2003). We must, therefore determine whether the evidence was insufficient. In making this determination, we consider "all the evidence admitted during the trial, including erroneously admitted evidence." *Id.*

*State v. Vanderleest*, No. 03-1721, 2005 WL 1397167, at *6 (Iowa Ct. App. June 15, 2005).

The record in the underlying case supports the jury's verdict. Substantial evidence was presented to convince a rational fact finder that Basquin was the perpetrator of the assault, and that he and Hayward were in a domestic relationship. "As the evidence was sufficient to support the verdict, double-jeopardy principles do not preclude a retrial." *Id.*

In light of our conclusions on these issues, we find it unnecessary to reach the remaining issues raised by Basquin.[3]

---

[3] We would acknowledge, however, the district court's unusual use of two intent instructions under these facts.

**III. Conclusion.**

Because the district court erred in admitting some of the nurse practitioner's testimony and improperly emphasized the testimony in a jury instruction, Basquin's substantial rights have been affected, and we reverse and remand for a new trial.

**REVERSED AND REMANDED.**